IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ANNA KATHERINE PICKETT                                    PLAINTIFF

v.                          CIVIL ACTION NO. 2:18-CV-214-KS-JCG

MISSISSIPPI BOARD OF ANIMAL
HEALTH                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **grants in part and denies in part**
Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses [63]. The Court awards
Plaintiff $78,882.75 in attorney's fees and $4,509.82 in costs and expenses.

## I. BACKGROUND

This is a Title VII retaliation case. The Court discussed its background in a
Memorandum Opinion and Order [30] entered on January 13, 2020. *See Pickett v.*
*Miss. Bd. of Animal Health*, 2020 WL 185023, at *1-*2 (S.D. Miss. Jan. 13, 2020). The
Court held a jury trial on April 20-21, 2021. The jury returned a verdict in Plaintiff's
favor and awarded her $53,124.00 in lost wages and $100,000.00 in emotional
damages. Jury Verdict [43]. On August 3, 2021, the Court entered a Memorandum
Opinion and Order [60] granting in part and denying in part Defendant's Motion for
Judgment as a Matter of Law or Remittitur [52]. The Court remitted Plaintiff's
emotional damages award from $100,000.00 to $75,000.00, but it denied the motion
in all other respects. On August 5, 2021, Plaintiff accepted the Court's remittitur,

rather than opting for a new trial on emotional damages. The next day, the Court entered an Amended Final Judgment [62], and on August 17, 2021, Plaintiff filed a Motion for Attorney's Fees, Costs, and Expenses [63], which the Court now addresses.

## II. DISCUSSION

Plaintiff seeks $87,647.50 in attorneys' fees and $4,509.82 in costs and expenses. The requested fees break down as follows:

|  | Hours | Rate | Fees |
|---|---|---|---|
| **Jim Waide** | 79.5 | $400.00 | $31,800.00 |
| **Ron Woodruff** | 67.25 | $300.00 | $20,175.00 |
| **Rachel Waide** | 99.25 | $300.00 | $29,775.00 |
| **Paralegal** | 34 | $65.00 | $2,210.00 |
| **J. Waide Travel** | 7 | $200.00 | $1,400.00 |
| **Woodruff Travel** | 8.25 | $150.00 | $1,237.50 |
| **R. Waide Travel** | 7 | $150.00 | $1,050.00 |
|  |  | **Total Fees:** | **$87,647.50** |

Defendant concedes that Plaintiff is the prevailing party in this case and, therefore, entitled to reasonable attorneys' fees. *See, e.g.* 42 U.S.C. § 2000e-5(k); *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 417, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978). Defendant also concedes that Plaintiff's demand of $4,509.82 in costs and expenses is reasonable. However, Defendant objects to the amount of Plaintiff's fee

demand, arguing that Plaintiff's counsel's billing was excessive, duplicative, and/or inadequately documented, and that Plaintiff's counsel failed to exercise sound billing judgment.

The Court uses the "lodestar" method to calculate an award of fees. *Combs v. City of Huntington*, 829 F.3d 388, 391 (5th Cir. 2016). The Court must first "determine the compensable hours from the attorneys' time records, including only the hours reasonably spent." *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993). Then, the Court "must select an appropriate hourly billing rate based on prevailing community standards for attorneys of similar experience in similar cases." *Id.* The Court then multiplies the number of compensable hours by the hourly rate to produce the "lodestar" amount. *Id.*

After determining the lodestar, the Court may adjust it to account for a variety of factors. *Id.* at 320. The pertinent factors are:

> (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 320 n. 6 (citing *Johnson v. Ga. Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974)). When applying the *Johnson* factors, the Court should "be careful, however, not to double count a . . . factor already considered in calculating the lodestar . . . ." *Id.* at 320. The most important factor is the "degree of success obtained." *Abner v.*

3

*Kansas City S. Ry. Co.*, 541 F.3d 372, 377 (5th Cir. 2008).

The Court must "explain with a reasonable degree of specificity the findings and reasons upon which the award is based, including an indication of how each of the *Johnson* factors was applied." *Shipes*, 987 F.2d at 320. However, the Court's analysis need not be "so excruciatingly explicit in this area of minutiae that decisions on fee awards consume more judicial paper than did the cases from which they arose." *Blanchard v. Bergeron*, 893 F.2d 87, 89 (5th Cir. 1990). "[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838, 131 S. Ct. 2205, 180 L. Ed. 2d 45 (2011).

### A.    *Compensable Hours*

Defendant argues that the Court should reduce Plaintiff's compensable hours, for a variety of reasons.

#### 1.    *Duplicative Hours*

First, Defendant argues that Plaintiff's billing statement includes duplicative entries, and that the Court should disallow all duplicative fees. Indeed, "[i]n calculating the lodestar, the court should exclude all time that is . . . duplicative . . . ." *Combs*, 829 F.3d at 392.

Defendant contends that four entries by Jim Waide are duplicative of entries by Rachel Waide, for 1) receiving and reviewing Defendant's motion for judgment as a matter of law and supporting brief, 2) reviewing and revising Plaintiff's brief in

4

opposition to Defendant's motion for judgment as a matter of law, 3) receiving and reviewing Defendant's reply in support of its motion for judgment as a matter of law, and 4) receiving and reviewing the Court's opinion addressing Defendant's motion for judgment as a matter of law. These entries totaled 6.5 hours.

In the Court's view, these billing entries are not unreasonably duplicative or redundant. Defendant essentially argues that Plaintiff should have only had a single attorney work on the post-trial motion. That would be an unreasonable standard. Parties to litigation routinely retain multiple attorneys to provide input on their case because "in the multitude of counselors there is safety." *Proverbs* 11:14; *see also Proverbs* 15:22, 24:6, 27:17. Obviously, there is a limit, but the Court need not articulate a limiting principle here. "I know it when I see it," *Jacobellis v. Ohio*, 378 U.S. 184, 197, 84 S. Ct. 1676, 12 L. Ed. 2d 793 (1964) (Stewart, J., concurring), and the 6.5 hours of work in dispute here is not it.

### 2.    *Inadequate Documentation*

Next, Defendant argues that the Court should disallow 49.25 hours billed by Jim Waide and 36.75 hours billed by Rachel Waide for "trial preparation." Defendant contends that these billing entries are too vague for the Court to determine whether they are reasonable.

The Court "may properly reduce or eliminate hours when the supporting documentation is too vague to permit meaningful review," *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 326 (5th Cir. 1995), and district courts in this Circuit have

disallowed hours billed for vague time entries such as "trial preparation." *See M.B. v. Rankin County Sch. Dist.*, 2016 WL 1077833, at *4 (S.D. Miss. Mar. 17, 2016) (court deducted hours billed related to trial preparation because the entries lacked specificity about the actual tasks performed); *Barrow v. Greenville Ind. Sch. Dist.*, 2005 WL 6789456, at *11-*12 (N.D. Tex. Dec. 20, 2005). However, the Court is mindful that "practical considerations of the daily practice of law in this day and age preclude 'writing a book' to describe in excruciating detail the professional services rendered for each hour or fraction of an hour." *LULAC v. Roscoe Ind. Sch. Dist.*, 119 F.3d 1228, 1233 (5th Cir. 1997). The attorney must merely provide "the date, the number of hours spent (calculated to a tenth of an hour), and a short but thorough description of the services rendered," *id.*, supplemented, if need be, by a sworn declaration. *Dunigan v. Miss. Valley State Univ.*, 2021 WL 4392132, at *3 (N.D. Miss. Sept. 24, 2021). The Court should also employ common sense, considering the needs and timeline of the particular case, as well as its own knowledge of and experience in litigation. *Id.* at *4.

Although Plaintiff's counsel would be wise to use more specific billing entries in the future, the Court does not believe that the amount billed for "trial preparation" here was unreasonable. The Court is mindful that when preparing for trial, counsel must review all the evidence obtained in the case, including depositions. Counsel must prepare for cross-examination of adverse witnesses, prepare an opening statement, prepare a closing argument, develop a trial strategy, prepare witnesses,

and research potential evidentiary issues. The Court also notes that Mr. Waide was less involved in discovery than Ms. Waide and Mr. Woodruff and, therefore, had to do more preparation. Considering all of these factors, the number of witnesses at trial, and the length of the trial, the Court does not believe that the hours billed for "trial preparation" were unreasonable.

### 3. *Quarter-Hour Billing*

Defendant argues that Plaintiff's attorneys exhibited a lack of billing judgment by improperly billing in quarter-hour increments. Accordingly, Defendant contends that the Court should reduce their hours by 10%. In response, Plaintiff argues that this a reasonable and standard practice in the relevant legal community.

The Fifth Circuit has described quarter-hour billing as a "non-standard practice," and stated that district courts may reduce fee requests when attorneys employ it. *Freeman v. Clarke County*, 620 F. App'x 223, 230 n. 9 (5th Cir. 2015); *see also Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 182 (5th Cir. 2007); *Ingalls Shipbuilding, Inc. v. Director*, 46 F.3d 66, 1995 WL 29263, *4 (5th Cir. Jan. 12, 1995) (remanding case for recalculation of fee award where quarter-hour billing was used). Indeed, the Court is mindful that tasks in litigation rarely end in exact fractional increments, and, therefore, billing entries are routinely rounded up to the next increment. Therefore, the Court agrees with Defendant, and will reduce the hours billed by 10% to compensate for the improper quarter-hour billing. This reduces the compensable hours to:

|  | Hours |
|---|---|
| **Jim Waide** | 71.55 |
| **Ron Woodruff** | 60.525 |
| **Rachel Waide** | 89.325 |
| **Paralegal** | 30.6 |
| **J. Waide Travel** | 6.3 |
| **Woodruff Travel** | 7.425 |
| **R. Waide Travel** | 6.3 |

### B.    *Billing Rate*

Finally, Defendant argues that the hourly rate requested by Plaintiff's attorneys is excessive. Defendant notes that Plaintiff's counsel did not provide declarations from any attorneys in Hattiesburg, Mississippi, where this case was filed and tried. Defendant also argues that this Court has never awarded fees at a rate of $400 per hour, as requested by Mr. Waide.

A prevailing party's counsel must charge an "appropriate hourly rate based on prevailing community standards for attorneys of similar experience in similar cases." *Shipes*, 987 F.3d at 319. The Court may also consider the attorney's regular rates. *Kellstrom*, 50 F.3d at 328. However, the "hourly fee awarded must be supported by the record; the district court may not simply rely on its own experience in the relevant legal market to set a reasonable hourly billing rate." *McClain v. Lufkin*, 649 F.3d 374,

8

383 (5th Cir. 2011).

First, the Court has, in fact, awarded an hourly rate of $400.00 per hour. *See, e.g. PIC Group, Inc. v. LandCoast Insulation, Inc.*, 2011 WL 3476538, at *5 (S.D. Miss. Aug. 9, 2011). It does not happen frequently, but it has happened.

Moreover, the Court does not believe the rates requested by Plaintiff are unreasonable for Title VII litigation in Mississippi. Plaintiff submitted sworn declarations from other attorneys that $400.00 per hour is a reasonable hourly rate for Mr. Waide, based on his experience, reputation, and the current market rates in Mississippi. *See* Exhibit E [63-5]; Exhibit F [63-6]; Exhibit G [63-7]. Another federal judge in Mississippi has awarded that hourly rate to Mr. Waide. Exhibit I [63-9]; Exhibit J [63-10]. Likewise, Plaintiff submitted sworn declarations from other attorneys that $300.00 per hour is a reasonable hourly rate for Ms. Waide and Mr. Woodruff, based on their experience, reputation, and the current market rates in Mississippi. Exhibit K [63-11]; Exhibit L [63-12]; Exhibit M [63-13]; Exhibit N [63-14]; Exhibit O [63-15]; Exhibit P [63-16]; Exhibit Q [63-17]; Exhibit R [63-18]; Exhibit S [63-19]; Exhibit T [63-20].

Defendant contends that the Court should only consider evidence of rates in Hattiesburg, Mississippi. The Court disagrees. Mississippi does not enjoy a large market for legal services, by national or regional standards. Attorneys from across Mississippi frequently represent clients in the Eastern Division of the Southern District of Mississippi. There is no reason to be hyper-local in the Court's lodestar

9

analysis. It is appropriate to determine the prevailing community standard for hourly rates by reference to the entire state of Mississippi.

### C.   *Lodestar Calculation*

Therefore, after considering the arguments above, the Court calculates the lodestar as follows:

|  | Hours | Rate | Fees |
|---|---|---|---|
| **Jim Waide** | 71.55 | $400.00 | $28,620.00 |
| **Ron Woodruff** | 60.525 | $300.00 | $18,157.50 |
| **Rachel Waide** | 89.325 | $300.00 | $26,797.50 |
| **Paralegal** | 30.6 | $65.00 | $1,989.00 |
| **J. Waide Travel** | 6.3 | $200.00 | $1,260.00 |
| **Woodruff Travel** | 7.425 | $150.00 | $1,113.75 |
| **R. Waide Travel** | 6.3 | $150.00 | $945.00 |
|  |  | **Total Fees:** | **$78,882.75** |

### D.   **Johnson** *Factors*

Defendant does not contend that any further adjustment of the lodestar is necessary upon consideration of the *Johnson* factors, and the Court agrees. Any relevant *Johnson* factors have already been considered in determining the lodestar.

### III. CONCLUSION

For these reasons, the Court **grants in part and denies in part** Plaintiff's

Motion for Attorneys' Fees, Costs, and Expenses [63]. The Court awards Plaintiff $78,882.75 in attorney's fees and $4,509.82 in costs and expenses.

SO ORDERED AND ADJUDGED this 26th day of October, 2021.

/s/      Keith Starrett

KEITH STARRETT
UNITED STATES DISTRICT JUDGE